JOHNSON & WALES COLLEGE

v.

The CITY COUNCIL OF the CITY OF CRANSTON.

No. 80–384–M.P.

Supreme Court of Rhode Island.

Feb. 12, 1982.

William J. McGair, Providence, for petitioner.

Jeremiah S. Jeremiah, Jr., City Sol., Arthur A. Thovmasian, Jr., Asst. City Sol., Cranston, for respondent.

**ORDER**

The petitioner seeks certiorari to quash the decision of the respondent council rendered on July 28, 1980, which denied the petitioner's application for transfer of a victualing license from the licensee, Cranston Hilton Inn, to the petitioner. Although the victualing license expired on December 1, 1980, we ordered the writ to issue because the respondent's decision is "capable of repetition, yet evading review." *See Chernov Enterprises, Inc. v. Scuncio,* 107 R.I. 439, 268 A.2d 424 (1970).

The respondent council denied the transfer because the petitioner had not obtained a permit to occupy the Cranston Inn. In another action involving the parties, however, a Superior Court justice rendered a decision on July 20, 1981, declaring that the petitioner's occupancy and use of the subject premises was at all times lawful. *DiPrete v. Johnson & Wales College,* No. 80–2321–C.A. (R.I.Super.Ct., filed July 20, 1981). The justice, therefore, ordered the building inspector to issue an occupancy permit to the petitioner. In light of the foregoing, we can find no reason to support denial of the petitioner's application for transfer of the victualing license.

Accordingly, the petition for writ of certiorari is granted, the decision of the respondent council is quashed and the respondent council is directed to grant the petitioner's application for transfer of the victualing license without prejudice to the respondent to challenge the Superior Court's determination as to occupancy on further proceedings before this court.

Entered as an Order of this Court this 12th day of February, 1982.